JOE HEATON, CHIEF U.S. DISTRICT JUDGE
Plaintiffs filed this action alleging that Walter Ray Pelfrey ("Mr. Pelfrey") has engaged in a pattern or practice of discrimination based on sex-by sexually harassing individual plaintiffs and others-in the course of his ownership and operation of residential rental properties. The remaining defendants are alleged to be directly liable under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 - 3619, or for the various state claims alleged, as well as vicariously liable for Mr. Pelfrey's actions. Plaintiffs filed a motion for partial summary judgment contending that defendant Rosemarie Pelfrey ("Mrs. Pelfrey") is vicariously liable as a matter of law for any FHA violations committed by Mr. Pelfrey. Defendants also filed a motion for partial summary judgment arguing that judgment should be entered in favor of Mrs. Pelfrey on all claims and that all defendants are entitled to judgement on some of plaintiff Collins' claims.
Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact exists when the evidence construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a *1252 verdict for the non-moving party." Carter v. Pathfinder Energy Servs., Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quotation and citation omitted). Having considered the parties' submissions in light of this standard, the court concludes that both motions should be granted in part and denied in part.
Under the FHA, a person may be directly liable for "[f]ailing to take prompt action to correct and end a discriminatory housing practice by a third-party, where the person knew or should have known of the discriminatory conduct and had the power to correct it." 24 C.F.R. § 100.7(a)(1)(ii). "A person is vicariously liable for a discriminatory housing practice by the person's agent or employee, regardless of whether the person knew or should have known of the conduct that resulted in a discriminatory housing practice, consistent with agency law." Id. § 100.7(b). "In order to avoid predicating liability for [FHA] violations on the vagaries of state law, the question of whether an agency relationship exists ... is determined under federal law." Cleveland v. Caplaw Enter., 448 F.3d 518, 522 (2d Cir. 2006). "It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." Meyer v. Holley, 537 U.S. 280, 285, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003). "While sexual harassment committed by an agent is typically not considered within the scope of his authority, there is an exception to this rule. A principal may be vicariously liable where the agent was 'aided in accomplishing the tort by the existence of the agency relationship.' " West v. DJ Mortgage, LLC, 271 F.Supp.3d 1336, No. 1:15-cv-397, 2017 WL 4278348, at *15 (N.D. Ga. Sept 14, 2017) (quoting Restatement (Second) Agency § 219(2) ); see also , Boswell v. Gumbaytay, No. 2:07-cv-135, 2009 WL 1515872, at *3 (M.D. Ala. June 1, 2009) ("[I]t is the more likely case that an agent's sexual harassment of a tenant falls outside the scope of his authority. 'When a party seeks to impose vicarious liability based on an agent's misuse of delegated authority,' the aided-in-the-agency-relation rule set out in the Restatement (Second) of Agency provides the 'appropriate form of analysis.' " (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 759-60, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) ).
The residential rental properties at issue in this action appear to have been owned at different relevant times by Mr. Pelfrey individually and as trustee of the W. Ray Pelfrey Revocable Trust dated March 1, 2002 (the "Ray Trust"), Omega Enterprises, LLC ("Omega"), Pelfrey Investments Co., LLC ("PIC"), and Mrs. Pelfrey as trustee of the Rosemarie Pelfrey Revocable Trust dated March 1, 2002 (the "Rosemarie Trust). See, e.g. , Doc. Nos. 134-3, 134-8, 134-15, 135-13-135-23, 140-1-140.2, 140-12, 141-24-141-28.[1] "No matter the name in which title to the properties were held-by Mr. or Mrs. Pelfrey individually or in trust, or by [PIC] or by Omega [ ]-Pelfrey Rentals was responsible for renting and maintaining the dwellings, collecting rents and handling eviction. With respect to Pelfrey Rentals, it was Walter Ray Pelfrey who determined rental rates for properties it managed, the terms of the rental, who would be evicted, whether partial rent would be accepted, whether late rent would be accepted, and the amount of late fees" Plaintiff's Undisputed Material Fact Nos. 42 & 43, Doc. # 134, pp. 8-9.
None of the plaintiffs rented properties owned by the Rosemarie Trust prior to July 31, 2015. Forty-eight properties owned by Omega were conveyed to the *1253 Rosemarie Trust on July 31, 2015. Id. at 9 [Fact # 44]. On September 15th, 2015, an additional 12 properties were conveyed the Rosemarie Trust. Id. [Fact # 45].[2] The Ray Trust conveyed interest in six properties to the Rosemarie Trust on September 28, 2015. Id. at 9-10 [Fact # 46]. And on October 1, 2015, PIC conveyed two properties to the Rosemarie Trust. Id. at 10 [Fact # 47]. Finally, the Rosemarie Trust acquired title to the property where Defendant Collins lived at 345 NW 86th Street on May 24, 2016, through a sheriff's sale. Id. [Fact # 48]. "After each of the properties was transferred into the Rosemarie Pelfrey trust, Pelfrey Rentals continued to be responsible for their operations. Nothing in their operations changed."Id. [Fact # 49] (citations omitted). Initially, "[a]fter the transfer, Mrs. Pelfrey did not direct or instruct any changes in the management of the rental properties." Id. at 10-11 [Fact # 52]. By March 17, 2017, however, Mr. Pelfrey was "no longer involved in Pelfrey Rentals & Investments. His son, Jesse, and wife, Rosemarie, [ ] assumed all aspects of the rental business." Doc. # 141-32.
Mrs. Pelfrey, as trustee, may be vicariously liable for Mr. Pelfrey's action towards plaintiffs who rented properties owned by the Rosemarie Trust. The FHA definition of a "person" includes trustees. 42 U.S.C. § 3602(d). Further, under the Restatement (Second) of Trusts § 246, a "trustee is subject to personal liability to third persons for torts committed in the course of the administration of the trust to the same extent that he would be liable if he held the property free of the trust."[3]
Three plaintiffs lived in properties that were owned by the Rosemarie Trust during a period of time when Pelfrey Rentals, acting through Mr. Pelfrey, managed the properties. Raquel Hall-Hubbard resided at 423 NE 115th Street, Oklahoma City, after the property was transferred to the Rosemarie Trust on September 15th, 2015. Doc. # 134, p. 2 [Fact # 1]; Doc. # 140-2; Doc. 135-13.[4] Maeisha Pennon resided at 4000 SE 10th Street, Del City, after the property was transferred to the Rosemarie Trust on September 15th, 2015. Doc. # 134, p. 2-3 [Fact Nos. 4 & 5]. And Andria Collins resided at 345 NW 86th Street, Oklahoma City, after the property was acquired by the Rosemarie Trust at a sheriff's sale on May 24, 2016. Doc. # 134, p. 3 [Fact Nos. 6 & 7].
Because the Rosemarie Trust was the admitted owner of these three properties during the time periods shown, and Mrs. Pelfrey as the trustee is personally liable for torts committed in the course of administering the trust, Mrs. Pelfrey is vicariously liable as a matter of law for any of Mr. Pelfrey's actions towards those three plaintiffs that occurred during this time period of ownership. Because the Rosemarie Trust relied on Pelfrey Rentals-acting through Mr. Pelfrey-to manage the properties, if Mr. Pelfrey is found to have sexually harassed these three plaintiffs in violation of the FHA during this period of Rosemarie Trust ownership, such sexual harassment would have been aided *1254 and abetted by the agency relationship that necessarily existed to manage the properties. To this extent alone, summary judgment will be entered holding Mrs. Pelfrey vicariously liable as trustee of the Rosemarie Trust under the FHA for Mr. Pelfrey's actions during the period of Rosemarie Trust ownership of those three properties.
Plaintiffs also argue that Mrs. Pelfrey is vicariously liable to all plaintiffs as a de facto partner in Pelfrey Rentals or that Pelfrey Rentals was a joint venture between Mr. and Mrs. Pelfrey. Plaintiffs further argue that, because Mr. and Mrs. Pelfrey were both members of PIC and that PIC and Pelfrey Rentals were jointly utilized to control and run "Pelfrey rental operations," a joint venture was established such that vicariously liability would attach to Mrs. Pelfrey for actions related to all Pelfrey rental operations. Defendants strongly contest that Pelfrey Rentals or PIC were any form of partnership or joint venture between Mr. and Mrs. Pelfrey.
A genuine dispute exists as to material facts relating to ownership and control of Pelfrey Rentals, management and control of PIC, and whether Mr. and Mrs. Pelfrey operated any enterprise as a partnership or joint venture. Accordingly, both partial motions for summary judgment, beyond the limited determinations above, will be denied as to Mrs. Pelfrey's liabilities in this action.
Defendants also move for summary judgment as to certain claims presented by plaintiff Collins. As noted above, the court has already concluded that Mrs. Pelfrey will be vicariously liable as trustee of the Rosemarie Trust if Mr. Pelfrey is found to have violated the FHA during the time period in which the Rosemarie Trust owned 345 NW 86th Street and that otherwise, genuine issues of fact remain regarding Mrs. Pelfrey's liabilities. Plaintiffs concede, however, that summary judgment should be entered in favor on Omega and PIC on Collins' because neither owned 345 NW 86th Street. Accordingly, defendants' motion regarding Collins' claims will be granted in part only as to defendants Omega and PIC.
Accordingly, plaintiffs' Motion for Partial Summary Judgment [Doc. # 134] is GRANTED in PART and DENIED in PART . The motion is granted such that Mrs. Pelfrey will be vicariously liable as a matter of law as trustee of the Rosemarie Trust for any of Mr. Pelfrey's actions directed at plaintiffs Hall-Hubbard, Pennon, and Collins that are found to violate the Fair Housing Act during the period of time these plaintiffs resided in properties owned by the Rosemarie Trust. The motion is otherwise denied. Defendants' Motion for Summary Judgment [Doc. # 135] is also GRANTED in PART and DENIED in PART . The motion is granted as to plaintiff Collins' claims of invasion of privacy against Omega and PIC. The motion is otherwise denied.
IT IS SO ORDERED .

References to filings with this court are to the CM/ECF document and page number.

The parties disagree as to whether these properties were jointly owned by Mr. and Mrs. Pelfrey or whether they were owned by Mr. Pelfrey alone.

Under the Restatement (Third) of Trusts § 106, a trustee is personally liable "for a tort committed in the course of trust administration ... if the trustee is personally at fault. "

Contrary to plaintiffs' contention, Lot 12, Block 3 of Summit Ridge Section I, representing 423 NE 115th Street, was not transferred to the Rosemarie Trust by the Warranty Deed dated March 31, 2002; Doc. 134-3 at p. 4.